149 So.2d 838

**POULTRY AND EGG COMPANY**

v.

**Thomas Olen SMITH.**

**6 Div. 852.**

Court of Appeals of Alabama.

March 27, 1962.

Rehearing Denied May 8, 1962.

---

Olin W. Zeanah, Tuscaloosa, for appellant.

E. D. McDuffie and Norma Holcombe, Tuscaloosa, for appellee.

PRICE, Judge.

On May 13, 1960, Thomas Olen Smith, appellee, sustained an injury arising out of and in the course of his employment with appellant. The employee, Smith, on June 29, 1960, brought suit against the third party tortfeasor claiming damages for the injuries he received in the collision, including claim for hospital, medical and surgical expenses. The employer, appellant here, did not intervene in the suit, as provided by Section 312 of Title 26, Code. A consent judgment was entered. Plaintiff's damages were assessed at $7,500.00. The judgment has been paid.

Thereafter the present suit was filed by the employee seeking to recover of the employer his hospital, medical and surgical expenses. The trial court awarded the employee $410.85, the amount claimed, based on the agreed statement of facts. The employer has brought certiorari to review the judgment.

The sole question presented is whether the appellee, Thomas Olen Smith, is entitled to recover of his employer, the appellant, his medical and hospital expenses after having recovered a judgment against the third party in a suit in which medical and hospital expenses were claimed.

In Liberty Mutual Insurance Company v. Manasco, 271 Ala. 124, 123 So.2d 527, the Supreme Court held that an employee's subrogation right is limited to the recovery of "all payments made * * * which are included within the meaning of the word 'compensation' as used in § 312, Title 26, as amended," and that "compensation" does not include medical and hospital expenses paid on behalf of the employee.

The appellant contends that Section 312, Title 26, Code is not involved here, but that the liability of the employer to the employee for payment of medical expenses is governed by Section 293 of Title 26, which provides that the employer, in addition to the compensation provided, shall pay the cost of medical, surgical and hospital service obtained by the injured employee during the first six months of disability, not to exceed $1200.00. Said Section further provides:

"In case an insurer of the employee or a benefit association is liable for such medical, surgical and hospital service, or for a part thereof, or *in case the employee is entitled to the same or a part thereof, from any source whatever by virtue of any agreement or understanding, or law, state or federal,* without any loss of benefit to the employee, the employer shall not be required in such case to pay any part of such expense, unless said benefits are insufficient to pay as much as said twelve hundred dollars, and in such event the employer shall be liable for the deficiency only." (Italics added)

It is insisted that the purpose of the quoted portion of said Section 293 is to prevent a double recovery on the part of the employee, and that the recovery and collection of a judgment in the amount of $7,500

against a third party wrongdoer in an action claiming medical and hospital expenses, is conclusive evidence not only that the appellee was entitled to the medical expenses from another source as is contemplated by the language which has been italicized, but also that he had actually collected the medical expenses prior to the rendition of the judgment in this case.

Appellee replies that the statute relied on by appellant, Section 293 of Title 26, Code, supra, specifically provides that the employer is relieved from payment of hospital expenses only in the event the employee is entitled to the same or a part thereof from another source "without * * * loss of benefit to the employee," and argues in brief:

"In order for the employee to recover against the third party it is necessary for him to employ an attorney to conduct the action against the third party and to either pay the attorney by definite sum, or as in most damage suits, on a contingent fee basis. Where the employer or employer's insurance carrier is liable for these medical bills as a matter of law and the only way that the employee can collect for his injuries out of the third party is by employing an attorney, taking the time and expense for litigation and run the risk of being taxed for court costs if he loses in his action against the third party, then of course the employee has suffered a loss of benefit when as a matter of law the employer or the employer's insurance carrier is liable for these expenses."

This is a case of first impression in Alabama. In view of the decision we have reached, we think it unnecessary to determine whether the recovery and collection of medical and hospital expenses from the third party tortfeasor constitutes payment from another source without loss of benefit to the employee, within the purview of Section 293, supra, so as to preclude a recovery of such expenses from the employer.

In Jacobsen v. State Industrial Accident Commission, 212 Cal. 440, 299 P. 66, the court said:

"* * * it must be assumed that inherent in a judgment for damages recovered by an injured employee there may be the element of compensation for past physical pain and mental suffering or even present physical pain and mental suffering not affecting his ability to work. These are elements of recoverable damage from the third party tort-feasor which the Industrial Accident Commission has no jurisdiction to consider and fix. It would be manifestly unfair to the employee, having assumed the hazard and expense of litigation, to have the amount of the judgment attributable to these elements of damage consumed by any award made by the commission."

It was held in that case that damages for physical pain and mental suffering recovered by an employee in an action against a third person were not subject to be consumed by an award made by the Industrial Commission in favor of the employer for expenditures under the Workman's Compensation Act.

In the case of Dockendorf v. Lakie et al., 240 Minn. 441, 61 N.W.2d 752, the Minnesota court said:

"It is not amiss to call the attention of trial courts to the importance, in actions brought under § 176.06, subd. 2, against a third-party tortfeasor, of requiring a special verdict on the issue of special damages for medical expenses. In the absence of such special verdict, it is impossible to determine whether the jury allowed anything to the employee for medical expenses. In a subsequent subrogation action by the employer—or his insurer—the employee should be required to reimburse the employer for medical expenses paid *only to the extent that he has received an award therefor under the jury's verdict.*"

The Minnesota statute requires a special verdict on the issue of special damages. Our statute does not require a special verdict for damages for medical expenses, and no method is provided for the segregation of the amount of the judgment into parts attributable to physical pain and mental suffering, on the one hand, and to hospital and medical expenses, etc., on the other, as the California court, in the Jacobsen case, supra, suggested might be done so as to enable the court to ascertain the amount of the verdict attributable to elements of damage compensable under the act.

The complaint against the third party tortfeasor claimed damages for personal injuries, physical pain and mental suffering, as well as damages for hospital and medical expenses. On the basis of the record before us we are unable to say that any sum has been award the employee for medical expenses. Neither this court nor the trial court is authorized to resort to speculation or guesswork to determine what proportion, if any, of the judgment recovered against the third party tortfeasor was for hospital and medical expenses.

The employer was liable for the medical, surgical and hospital service rendered the employee, under the provisions of Section 293, of Title 26, Code. Since there is no showing that the employee was entitled to the same from another source under Section 293, Title 26, supra, the judgment of the trial court awarding the plaintiff's claim for medical and hospital expenses must be affirmed.

Affirmed.