248 So.2d 140

**EDDONS DRUG COMPANY, Inc., a Corporation,**

v.

**John Harold WRIGHT.**

**7 Div. 25.**

Court of Civil Appeals of Alabama.

May 12, 1971.

Henslee & Bradley, Gadsden, for respondent.

Lusk, Swann, Burns & Stivender, and George B. White, Jr., Gadsden, for petitioner.

BRADLEY, Judge.

Review is sought in this case by way of writ of certiorari as required by Title 26, Section 297, Code of Alabama 1940, as Recompiled 1958.

Respondent filed his complaint against petitioner in the Circuit Court of Etowah County, seeking compensation for injuries suffered as a result of an accident arising out of and in the course of his employment.

A demurrer was filed but was never ruled on. Subsequent to the filing of the demurrer, the complaint was amended and an answer filed thereto.

Trial was had before the court sitting without a jury, and a judgment was rendered awarding compensation.

A motion for a new trial was filed and later overruled.

The respondent has asked this court, by motion, to strike the transcript of the testimony filed in the Circuit Court on the ground that said transcript was not filed within the sixty day period, as provided by Title 7, Section 827(1), Code of Alabama 1940, as Recompiled 1958.

There were 42 assignments of error filed with the record, but only 19 of them were argued in brief. Those assignments not argued are deemed waived. Supreme Court Rule 9.

Out of the 19 assignments argued, only one issue arises. Petitioner contends that respondent was not its employee within the meaning of the Alabama Workmen's Compensation Law at the time of the accident.

We consider a brief recitation of the evidence taken at the trial to be helpful to an understanding of this case.

The respondent, John H. Wright, was employed by petitioner as a pharmacist in 1965.

The petitioner, Eddons Drug Company, Inc., is a corporation and is managed by Ed Anderson, who is also the president and one of the owners of the corporation, and the business of said corporation consists of one drug store located on Forrest Avenue in the City of Gadsden, Alabama.

Respondent worked full-time for petitioner from January 1965 up to November 1, 1967, when a store known as P & A Pharmacy was opened in Scottsboro, Alabama.

P & A Pharmacy was owned by Mr. Anderson and a Mr. Payne as a partnership.

Mr. Anderson asked respondent if he would operate P & A Pharmacy until someone else could be obtained to run it.

At the time respondent was asked to operate P & A Pharmacy, he was being paid weekly as an employee of petitioner, Eddons Drug Co., Inc., and nothing was said at that time about respondent becoming an employee of P & A Pharmacy.

After November 1, 1967 respondent started working at P & A Pharmacy, but his checks were still paid by Eddons Drug Company.

During the time respondent worked at P & A Pharmacy, he commuted to Scottsboro from his home in Gadsden, sometimes in his own car and sometimes in a vehicle owned by Eddons Drug. When he used his car, he was reimbursed for his expenses by P & A Pharmacy.

During the time respondent was working at P & A Pharmacy, he was also working at Eddons Drug at night during the week after returning from Scottsboro, on Wednesdays and every other Sunday.

In fact, respondent stated that he would leave his home early in the morning, go by Eddons Drug and pick up money and supplies for P & A Pharmacy, drive to Scottsboro, open up, work all day, close the store, take the receipts for the day, drive to Gadsden, arrive at Eddons Drug about 8:00–8:30, turn the money from P & A Pharmacy over to Mr. Anderson, and work to about 10:00 p. m.

During this period of time, respondent was receiving $150 per week.

Then, in February 1968, although respondent started receiving his checks from P & A Pharmacy, these checks were given to him by Mr. Anderson at Eddons Drug in Gadsden; and, he was also at the same time given an additional $30 in cash by Mr. Anderson, usually taken from the safe at Eddons Drug.

On the morning of July 9, 1968 while on his way to Scottsboro to open P & A Pharmacy, respondent was involved in an automobile accident in which he was injured, and spent several weeks in hospitals and under a doctor's care.

On the night before the accident, respondent had gone by Eddons Drug and gathered together some stock to be taken to P & A Pharmacy the next morning. On the morning of the accident, respondent went by Eddons Drug and picked up the stock to carry to Scottsboro. The trip to Scottsboro was then undertaken. Prior to arriving in Scottsboro, the auto accident happened, resulting in serious back injuries to respondent.

Mr. Anderson was called and informed of respondent's accident. Upon learning of the accident, Mr. Anderson went to Scottsboro and saw and talked to respondent before he was taken to the hospital in Centre, Alabama.

Mr. Charles Morgan, a CPA, testified that he kept the books for both Eddons Drug and P & A Pharmacy, and that he kept a separate set of books for each business.

He stated that he filed no separate quarterly return with the Internal Revenue Service for P & A Pharmacy until the third quarter of 1968, which ended on September 30, 1968. He further stated that prior to this time, Eddons Drug paid all payroll taxes on behalf of respondent to the Internal Revenue Service, but was reimbursed by P & A Pharmacy.

However, he did say that no payroll report was filed by P & A Pharmacy during the first quarter of 1968; the records reflect that Eddons Drug paid respondent's salary for that quarter in the amount of $1950.

This witness also stated that he got all of his payroll information from Mr. Anderson and did not see or prepare any books of original entry.

He also added that the third quarter of 1968 was the first time that Eddons Drug had failed to report that it had paid respondent's salary and that this was the first time that Mr. Anderson had failed to apportion a part of respondent's salary to petitioner.

The W–2 forms filed with the Internal Revenue Service indicate that respondent's salary was paid by petitioner during the first two quarters of 1968, and some of it was paid in the third quarter of 1968. The total wages paid by petitioner to respondent during 1968 amounted to $4,200.00. The W–2 forms also showed that $200 was paid by P & A Pharmacy on behalf of respondent's salary in the third quarter of 1968.

The respondent stated that he was asked to operate the P & A Pharmacy temporarily, until some one could be obtained to operate it. Mr. Anderson, when asked what the arrangement was concerning respondent's working at P & A Pharmacy, said he could not remember.

### On the Motion

■ The respondent here has moved that we strike the transcript of the testimo-

ny filed with the record in this case on the ground that said transcript was not filed with the clerk of the trial court within the sixty day period required by Title 7, Section 827(1), Code of Alabama 1940, as Recompiled 1958, after notice was given of the application for the writ of certiorari.

Section 827(1), supra, provides in pertinent part, as follows:

"* * * If a party to a cause tried in such court desires to appeal from a judgment rendered, he shall, within five days after he perfects his appeal give notice to the court reporter, in writing, that he desires to appeal and request the evidence to be transcribed. The court reporter shall then promptly transcribe the evidence, including objections, oral motions, rulings of the court, and the oral charge of the court, certify the same and file it with the clerk within sixty days from the date on which the appeal was taken, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later. * * *"

Section 827(1), supra, prescribes the time limits and the procedure for establishing the transcript of the testimony taken in the trial court in cases where an appeal from a judgment of said court has been taken to the Supreme Court or one of the Courts of Appeals.

The case before us did not get here by appeal—it came to us by way of writ of certiorari issued by this court. See Title 26, Section 297, subd. E, Code of Alabama 1940, as Recompiled 1958.

In the writ of certiorari we directed the Clerk of the Circuit Court of Etowah County to:

"* * * make diligent search of the records and proceedings in your office in the above cause and certify, together with this writ, a full and complete transcript of said records and proceedings to the Civil Appeals of Alabama, returnable within 60 days from this date."

The court reporter for that court, upon being informed that a "transcript of the testimony" would have to be prepared and made a part of the record and proceedings to be filed in this court, informed the attorneys representing the petitioner that the "transcript of the testimony" could not be prepared in sixty days, and they, in turn, informed the clerk of this court of the situation and asked for advice. The clerk of this court advised petitioners to request of the trial judge an extension of time within which to file the record in this court as permitted by Rule 37, Rules of the Supreme Court. The request for 30 days additional time was made, and was granted; and the record made in the trial court in the matter now before us, including the "transcript of the testimony," was filed with this court within the extended period of time.

Respondent says this procedure is not authorized. He says the procedure for preparing the "transcript of the testimony" as prescribed by Section 827(1) and (4), supra, should have been followed—that this proceeding, although called a "review by writ of certiorari," is nothing more than an appeal from a trial court judgment.

In support of his contention that this proceeding should be treated as an appeal from the trial court judgment, respondent cites us to the cases of Agricola Furnace Co. v. Smith, 239 Ala. 488, 195 So. 743; and Goodyear Tire & Rubber Co. of Ala. v. Downey, 266 Ala. 344, 96 So.2d 278.

In *Agricola*, supra, the Supreme Court held that a party to a workmen's compensation case could cross-assign errors on review, even though the review was by writ of certiorari. In *Goodyear*, supra, this same court held that the reviewing court in a workmen's compensation case could require the filing of a supersedeas bond in order for the award of compensation to be stayed.

These cases do hold that for some purposes, workmen's compensation cases com-

ing before the Supreme Court shall be reviewed as if they had arrived by direct appeal.

To subscribe to the respondent's contentions concerning the procedure to be followed in preparing the record for review in this court, would necessarily require the finding of another exception to the review procedure authorized by Section 297, subd. E, supra. This we are unwilling to do.

The review procedure of a workmen's compensation case in this court is by writ of certiorari.

This court, in response to a petition for the writ of certiorari, issued the writ.

The writ directed the Clerk of the Circuit Court of Etowah County, among other things, to prepare the record of the proceedings below, including the "transcript of the testimony," and file it with this court within sixty days.

As it developed, the record could not be filed in that period of time, and, it appears from an affidavit of Mrs. Sewell of the Etowah Circuit Court Clerk's office and a letter to the Clerk of this Court from one of the attorneys representing petitioner, with a notation thereon of one of the employees of this Court, that petitioner was advised by someone in our Clerk's office that it should obtain an extension of time from the trial judge within which the record, including the transcript of testimony, could be filed in this Court, as provided by Rule 37, Rules of the Supreme Court. A thirty day extension was obtained, and the record was filed here within the extended period of time.

We do not consider that respondent's rights were prejudiced in any way by this thirty day extension. The extension was certainly reasonable, and the petitioners made every effort to abide by the directives of the writ issued by this court.

However, we do think that the better procedure would have been for petitioners to have directed their request to this court for an extension of time in which to file the record here.

This court issued the writ, and this court directed in said writ that the record of the proceedings made below be filed with it within sixty days.

It is only logical that the court issuing the directive as to the time limit should also have the power to extend that time for a reasonable period to enable the clerk to carry out the other requirements of the writ. To say that one can prescribe the time limits in the first place and not be able to extend those time limits for good cause shown, is illogical.

■ Henceforth, when the clerk of the trial court in a workmen's compensation case finds himself in the position of not being able to comply with the time limits prescribed in the writ of certiorari for filing the record with this court, he may petition this court for an extension of time within which the record can be prepared and filed with this court as directed.

We find no merit in respondent's motion to strike the transcript of the testimony, and it is overruled.

## On the Merits

■ The issue before this court is whether respondent was an employee of petitioner within the meaning of Alabama's Workmen's Compensation Law at the time of his accident.

In United States Steel Corp. v. Mathews, 261 Ala. 120, 73 So.2d 239, the Supreme Court said:

"The single issue to be determined by this court is whether or not the plaintiff was an employee of the defendant at the time of the accident. In so doing, we must review the tendencies of the evidence most favorable to plaintiff, allowing such reasonable inferences as the jury was free to draw. * * *

"In the leading case of Standard Oil Co. v. Anderson, supra (often cited by this court), it was said that in order to relieve the general master from the legal relation of master and servant, it must appear that that relation for the time had been suspended, and a new relation between the servant and the special master had been created. In the absence of evidence to the contrary, there is an inference that the servant remains in his general employment so long as, by the service rendered another, he is performing the business entrusted to him by the general employer. * * *"

It was also said by this same court in Jeffrey Manufacturing Co. v. Hannah, 268 Ala. 262, 105 So.2d 672, that:

" * * * in order to transfer the employer-employee relationship from the general employer to the one to whom the employee is loaned there must be some consensual relationship between the loaned employee and the employer whose service he enters sufficient to create a new employer-employee relationship Where an employee enters the service of another at the command and pursuant to the direction of the master, no new relationship is necessarily created, * * *.

"It has been said that 'whether one who is usually and normally the servant of one master has become specially and temporarily the servant of another * * is ordinarily a question of fact. * * *'"

Likewise, it was said in Alabama Power Company v. Smith, 273 Ala. 509, 142 So.2d 228, that:

" * * * Where the evidence does not clearly establish who the employer is, consideration must be given to the character of the service to be rendered, the duration of the employment, and the one who is paying the employee. * * *"

We believe that Alabama's Workmen's Compensation Law should be liberally construed so that its beneficent purposes shall be accomplished. Aluminum Workers International v. Champion, 45 Ala.App. 570, 233 So.2d 511.

However, compensation can be awarded only after the trial court makes a determination based on a sufficient finding of facts and conclusions of law that such an award is warranted. Gilmore v. Rust Engineering Co., 45 Ala.App. 626, 235 So.2d 673.

In the case at bar, such findings of fact and conclusions of law were made by the trial court.

In *Hannah* and *Smith*, supra, the Supreme Court said that whether an employee of one employer has become an employee of another employer, is a question of fact for the trier of fact.

In the case at bar the trier of the facts was the trial court sitting without a jury; and in its findings of fact, found that respondent was an employee of petitioner at the time of the accident.

However, petitioner says that the evidence submitted at the trial does not support the findings of fact made by the trial court.

On review in a workmen's compensation case, this court will not review the weight or preponderance of the evidence taken by the trial court to support the findings of fact, but will only review the record to ascertain if there is any legal evidence or reasonable inference to be gathered therefrom to support said findings. Aluminum Workers International v. Champion, supra. Where such evidence is found, the findings of the trial court will be deemed conclusive and will not be disturbed on appeal.

We have carefully examined the record in this case and conclude that there is legal evidence therein to support the findings of the trial court that respondent was an employee of petitioner at the time of the accident.

## 652

As an example of the evidence supporting the findings, it was shown that respondent had been working for petitioner for a number of years prior to being sent to P & A Pharmacy, that he was sent, according to his understanding, by Mr. Anderson, the agent of petitioner, to operate P & A Pharmacy temporarily and until someone else could be obtained to operate it. Mr. Anderson did not deny that this was the agreement. It was also shown that during the time respondent was operating P & A Pharmacy, he was also carrying on his duties at petitioner's store in Gadsden at night, after returning from Scottsboro, and on Wednesdays and Sundays.

The evidence contained in the record in certain areas did conflict, but these conflicts were resolved by the trial court when it made its findings of fact.

For example, there was testimony that respondent stopped receiving his checks from petitioner in February, 1968, and started receiving them from P & A Pharmacy; yet the W–2 forms and the quarterly returns for payroll taxes filed with the Internal Revenue Service showed that petitioner paid the bulk of respondent's salary almost up until the time of his accident. The evidence also was in conflict as to whether P & A Pharmacy reimbursed petitioner for all or a portion of petitioner's salary.

We do not attempt to resolve these conflicts—that is the trial court's job. Our job is to see if the findings are supported by legal evidence. In this case the findings are supported by legal evidence.

We, therefore, conclude that the finding of fact of the trial court to the effect that respondent was an employee of petitioner at the time of respondent's accident was supported by legal evidence, and we are bound thereby.

The judgment of the trial court is affirmed.

Affirmed.