292 So.2d 662

In re Tony A. SABINO, Jr.

v.

**INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY,**
a corporation.

**Ex parte INDEPENDENT LIFE AND ACCI-DENT INSURANCE CO., a corporation.**

**Civ. 267.**

Court of Civil Appeals of Alabama.

March 6, 1974.

Rehearing Denied April 3, 1974.

Edwin C. Page, Jr., Evergreen, for petitioner.

William D. Melton, Evergreen, for respondent.

BRADLEY, Judge.

A complaint was filed on October 19, 1972 in the Circuit Court of Conecuh County by Tony A. Sabino, Jr. against Independent Life and Accident Insurance Company seeking benefits under the workmen's compensation laws of Alabama. A demurrer was filed by the defendant on November 27, 1972; then on January 16, 1973 defendant filed an answer to the complaint. On February 23, 1973 trial was had before the court sitting without a jury, and at the conclusion of the hearing, the matter was taken under advisement. Plaintiff filed an amendment to his complaint on March 30, 1973. On April 27, 1973 defendant filed a "Pleading." The court, on May 14, 1973, entered a judgment awarding plaintiff medical expenses of $2,627 under the provisions of 42 U.S.C. §§ 2651–2653.

On June 9, 1973 the trial court withdrew its judgment of May 14, 1973 and kept the

matter under advisement. The defendant, on July 30, 1973, filed a motion which was never ruled on asking that the trial court set aside the submission of the case. Also, on that same day, the defendant filed an amendment to its answer. Then, on August 23, 1973, the trial court entered a judgment that was the same as it had rendered on May 14, 1973.

The defendant filed its petition for the writ of certiorari in this court on September 18, 1973 and the writ was issued on that same day. On November 15, 1973 an extension was granted defendant by this court for filing its return to the writ to December 19, 1973.

On November 29, 1973 the court reporter filed the transcript of the testimony with the clerk of the Conecuh County Circuit Court and the clerk of that court filed the transcript of the record in this court on December 14, 1973.

Petitioner here, defendant below, has filed seven assignments of error, but there are only two issues raised by these assignments sufficiently argued in brief to warrant our consideration. The first one contends that the trial court erred in not making a finding of fact reflecting the alleged settlement of a tort action wherein plaintiff had sued the manufacturer of his motor vehicle to recover for his alleged injuries; and, second, petitioner says that the trial court erred in ruling that plaintiff could recover under the Alabama workmen's compensation law for hospital services rendered to him by the U. S. Government and for which he was not liable.

Prior to a consideration of these issues we must take up two motions filed in this court by the respondent here, plaintiff below.

### On the Motions

■ Respondent has moved this court to dismiss the petition and quash the writ on the ground that the petition was filed in this court more than thirty days after the final judgment in the trial court. Title 26, Section 297, Code of Alabama 1940, as Recompiled 1958, provides that review of a workmen's compensation case must be sought in the appellate court within thirty days of the final judgment rendered in the trial court.

The record reflects that the final judgment was made in the trial court on August 23, 1973 and the petition for the writ of certiorari to review that judgment was filed in this court on September 18, 1973. As can be seen, the petition was filed in the reviewing court within the thirty day period prescribed by statue.

Respondent, however, argues that the final judgment was rendered on May 14, 1973 rather than August 23, 1973, and as a consequence, the petition was filed in the appellate court more than thirty days after final judgment, which made it too late.

It will be noted from the aforementioned chronology of events in the trial court relating to this case that the trial court did render a decision on May 14, 1973, but within thirty days thereafter, and more specifically on June 9, 1973, withdrew this decision—as it had a right to do (see Title 7, Section 210, Code of Alabama 1940, as Recompiled 1958)—and kept the matter under advisement until August 23, 1973 when it rendered its final judgment. Inasmuch as the petition was filed in this court within the statutory time period, the motion to dismiss is denied.

Respondent has also moved this court to strike the transcript of the testimony filed by the court reporter with the circuit court clerk on November 29, 1973 on the ground that it was not filed within sixty days as required by statute, i. e., Title 7, Section 827(1), Code of Alabama 1940, as Recompiled 1958. No extensions for such filing as authorized by the same statute appear of record.

■ The question of the applicability of Section 827(1) to workmen's compensation

cases on review by writ of certiorari in an appellate court was decided by this court in Eddons Drug Co. v. Wright, 46 Ala.App. 645, 248 So.2d 140. The gist of the decision was that the writ of certiorari issued to the trial court prescribed the records to be sent to the reviewing court and the time within which they were to be returned. Should the prescribed time be insufficient, it was suggested that the clerk of the circuit court request an extension for filing the designated records from the reviewing court. The holding was to the effect that Title 7, Section 827(1), *supra,* was not applicable to workmen's compensation cases on review in an appellate court. This court decided that the writ itself prescribed the time limit within which the records of the trial court were to be furnished to it for review and any extensions for so filing were to be presented to it for approval or disapproval. In the case at bar this procedure was observed.

There being no merit in the motion to strike, it is overruled.

### On the Merits

■ Petitioner argues in brief that the trial court's judgment does not adequately reflect all of the facts in this case. The basis for this contention is the alleged refusal of the trial court to adopt a proposed findings of fact and conclusions of law submitted by petitioner to it and which included a purported findings of fact based on a "pleading" filed with the trial court after the case had been tried and taken under submission but before judgment. This "pleading" set out that respondent had settled a lawsuit against the manufacturer and retailer of the automobile in which he received his injuries and had released them from further liability. This "pleading" was not sworn to, and there is no evidence in the record to support it. Petitioner also amended its answer subsequent to the hearing but prior to the decision by the trial court. The amended answer alleged that there had been a settlement with the tort-

feasors causing respondent's injuries and, consequently, there existed no liability on petitioner under the workmen's compensation law. There is no proof in the record to support the amended answer.

The cases cited by petitioner in support of its contention are concerned with the adequacy of the trial court's findings of fact to support the judgment. In the instant case the trial court found that respondent was injured in an accident which arose out of and in the course of his employment with petitioner; that petitioner had prompt notice of the accident; that petitioner had not paid any medical expenses incurred by respondent as a result of his injuries, and that the medical expenses amounted to $2,627. The evidence taken before the trial court on February 23, 1973 adequately supported the findings of fact made by it as set out above. Consequently, the requirements of the cases cited by petitioner as they relate to the findings of fact have been met in the instant case. This being so, petitioner's first contention is without merit.

Petitioner's second contention is that the trial court erred in ordering it to pay for the medical services respondent received at the U. S. Air Force hospital at Maxwell Field, Montgomery, Alabama, for the reason that respondent was entitled to these benefits without cost because he was a disabled veteran. In making this argument, petitioner relies heavily on Title 26, Section 293, Code of Alabama 1940, as Recompiled 1958, and as amended, which provides in part as follows:

"In addition to the compensation herein provided, the employer shall pay the actual cost of reasonably necessary medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches [original artificial members], and apparatus, as may be obtained by the injured employee during the first [three years] of disability, . . . . In case an insurer of the employee or a benefit association is liable for such

medical, surgical and hospital service, or for a part thereof, *or in case the employee is entitled to the same or a part thereof, from any source whatever by virtue of any* agreement or understanding, or *law, state or federal, without any loss of benefit to the employee, the employer shall not be required in such case to pay any part of such expense,* unless said benefits are insufficient to pay as much as said [seventeen thousand five hundred] dollars, and in such event the employer shall be liable for the deficiency only. . . . " (Emphasis added.)

It will be noted that Section 293 specifically provides that if an employee is by ". . . law, state or federal . . ." entitled to receive medical services from a source other than the employer, then the employer is not liable for the medical benefits under the workmen's compensation law.

In Poultry and Egg Co. v. Smith, 41 Ala.App. 665, 149 So.2d 838, the Court of Appeals of Alabama held that the employer, under the provisions of Title 26, Section 293, Code of Alabama 1940, as Recompiled 1958, was liable for the medical, surgical and hospital expenses incurred by the employee and implied that if the employee was entitled to these benefits from some other source, the employer would not be so liable. In the case at bar it is without dispute that respondent, being a disabled Korean war veteran, was entitled to receive treatment for his injuries at a U. S. Government hospital.

Respondent replies to the above argument made by petitioner by saying that he is merely suing on behalf of the government to recover for the cost of the medical care given him, and cites us to 42 U.S.C. §§ 2651–2653, which provides in part as follows:

". . . (a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment . . . to a person who is injured or suffers a disease, . . . *under cir-*cumstances creating a tort liability upon some third person . . . to pay damages therefor,* the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be abrogated to any right or claim that the injured or diseased person, . . . has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care and treatment may also require the injured or diseased person, . . . to assign his claim or cause of action against the third person to the extent of that right or claim." (Emphasis added.)

Respondent's amended complaint alleges:

"As a result of said injuries, the Plaintiff has received medical and hospital care and treatment furnished by the United States of America under the Provisions of 42 U.S.C. §§ 2651–2653, and with its express consent, asserts a claim for the reasonable value of said care and treatment, to-wit: $2,627.00."

The trial court's award states:

"The Court is also of the opinion, and so holds, that the Plaintiff incurred certain medical expenses by reason of said injuries as alleged in the amount of $2,627.00 under the Provisions of 42 U.S.C. §§ 2651–2653.

"It is therefore, ORDERED, ADJUDGED AND DECREED that the Plaintiff have and recover of the Defendant the sum and judgment of $2,627.00."

It will be noted that respondent's complaint asserts that he received medical care at the hands of the U. S. Government and that he is suing to recover these benefits ". . . with its express consent, . . . " but nowhere does he allege that the U. S. asked him to recover these expenses for it nor does it aver that the recovery is being made for the federal government.

In Palmer v. Sterling Drugs, Inc., 343 F.Supp. 692, a U. S. District Court case from the Eastern District of Pennsylvania, and on which respondent relied heavily in brief, the complaint specifically averred:

". . . As a further result of said injuries the plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. The plaintiff for the sole use and benefit of the United States of America under the provisions of 42 United States Code §§ 2651–2653, and with its expressed consent, asserts a claim for the reasonable value of said past and future care and treatment."

The trial court in the cited case also stated that the proof revealed a letter from the Veterans Administration requesting plaintiff to include this request for special damages in its complaint against the third party tort-feasor.

In the case at bar there was no proof that the U. S. Air Force had requested the respondent to collect these medical expenses for its use and benefit. Nor is there any evidence in the record to support the allegation in the amended complaint that the U. S. Air Force had "expressly" consented to the action by respondent. There being no legal evidence to support the allegation it follows that the trial court's finding to the effect that respondent was suing to recover the medical expenses for the use and benefit of the U. S. Government is also without support in the evidence.

Title 42, Section 2651, U. S. Code, authorizes the United States to recover for hospital care furnished to one entitled thereto, ". . . under circumstances creating a tort liability upon some third person . . . to pay damages therefor, . . . ." The case at bar is not a tort action for damages, it is a workmen's compensation case authorized by a legislative enactment. See Title 26, Section 271, Code of Alabama 1940, as Recompiled 1958. Such a statutory proceeding as this has

been construed as an action ex contractu. Owens v. Ward, 49 Ala.App. 293, 271 So. 2d 251. Consequently, we do not believe that the respondent here was legally authorized to attempt to recover from his employer under the provisions of Title 26, Section 253 et seq., Code of Alabama 1940, as Recompiled 1958, and as amended, for and on behalf of the U. S. Government pursuant to 42 U.S.C. §§ 2651–2653. We are also convinced that the evidence fails to support the trial court's finding that the respondent here was seeking to recover medical benefits from the petitioner for the use and benefit of the U. S. Government. The trial court's error in ordering petitioner to pay respondent's medical expenses under the circumstances hereinabove described requires a reversal of this award.

The trial court's judgment in this case is reversed and one rendered here absolving petitioner from any liability in this proceeding for the medical benefits furnished to respondent by the United States of America as above mentioned.

Motions overruled.

Reversed and rendered.

WRIGHT, P. J., and HOLMES, J., concur.

ON REHEARING

BRADLEY, Judge.

Respondent, in his application for rehearing, says, among other things, that the case should have been remanded rather than rendered. Had the sole basis of the decision been the failure of the proof to support the allegation that the suit was for the benefit of the United States Government, the case would have been remanded, but the decision was also premised on the conclusion that respondent was precluded as a matter of law from recovering on behalf of the U. S. Government the cost of the hospital care furnished to him, for the

reason that Section 2651, *supra,* authorizes recovery only in situations creating a tort liability upon a third party. The instant case involved a statutory proceeding that has been denominated as an action ex contractu. Since recovery was sought from a party that was not a tort-feasor, it was the conclusion of this court that the trial court's judgment was in error as a matter of law, hence the proper procedure was for this court to render judgment, not remand for further proceedings.

Opinion extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.