This is a workmen's compensation case. The issues are (1) whether the evidence supports the court's determination of claimant's average weekly earnings prior to his injury and (2) whether the evidence supports the court's determination that claimant suffered a permanent partial disability resulting in a thirty-five percent loss of ability to earn.
There is testimony in the record that claimant at the time of his injury in 1976 was forty-eight years of age; employed as manager of a corporation engaged in agribusiness consisting of operation of a cotton gin and the storage and sale of seed, fertilizer, and chemicals in Lawrence County. He owned thirty-three percent of the stock of the corporation and also managed and worked in his own large farming operation. It was agreed by the four stockholders of the corporation that claimant would be the manager of its operations upon their purchase of the corporation in 1975 and that he would be paid a salary of $200 per week. While engaged in working on equipment at the gin on November 9, 1976, claimant fell from a height of fifteen feet onto a concrete floor. He suffered a fracture of his skull and compression fracture of three vertebrae. There was medical testimony that he was permanently injured and that he probably would need back surgery in the future. There is no reasonable question but that claimant was grievously injured and has permanent residual effects, such as a loss of ability to lift heavy objects, fear of heights, loss of taste, dizziness upon sudden movement, loss of powers of concentration, future possibility of ruptured discs and seizures. It was not disputed that he was unable to perform all the work he had *Page 353 
previously done in managing the corporation and as a result the corporation had ceased certain of its business operations.
The defendant finds fault with the determination that claimant's average weekly earnings prior to his injury were $200 because there was evidence that payment of that amount for a full fifty-two weeks was not actually made to claimant. There was evidence that he received a lump sum payment by check and took merchandise in lieu of payment and that possibly he yet had not received full payment. There was, however, no dispute but that the corporation agreed to pay him $200 per week for his services when the money was available and that a debt for that amount was incurred.
The statute provides that compensation for an injury of an employee shall be a percentage of his average weekly earnings. It further provides that his average weekly earnings shall be determined by dividing his total earnings during the period of fifty-two weeks immediately preceding the injury by fifty-two. This is simply determining an average from the total amount earned during the preceding year. There is no provision as to whether there must be actual payment or merely an obligation for payment. The statute provides for consideration of allowances in lieu of payment of wages when it says, "Whatever allowances of any character made to an employee in lieu of wages are specified as part of the wage contract shall be deemed a part of his earnings." § 25-5-57 (b), Code of Alabama (1975). We perceive the question to be answered is — what was the value of the employee's services to his employer calculated as a weekly average for the preceding fifty-two weeks which the employer paid or contracted to pay in money or allowances in lieu thereof.
Defendant complains that the total amount shown by the books of the corporation to have been paid to claimant both in money and credit for merchandise, when divided by fifty-two, did not produce an average weekly earning of $200. If true, such is not conclusive in view of the evidence that the corporation contracted to pay claimant $200 per week. Such sum was the value the corporation placed upon his services. The judgment of the court is supported by legal evidence. This court cannot weigh the evidence before the trial court. Davis-Day Timber Co.v. Gentry, 54 Ala. App. 385, 309 So.2d 97 (1975).
The second issue presented is whether there was evidence to support a finding that claimant's injury resulted in a thirty-five percent loss of ability to earn.
The scope of the court's review in a workmen's compensation case is limited to questions of law and examination of the evidence to determine if there is any legal evidence to support the findings of fact of the trial court. Eddons Drug Co. v.Wright, 46 Ala. App. 645, 248 So.2d 140 (1971). We see no need to dwell to any great extent upon the evidence as to disability or loss of earning capacity. We have already related the substantial part of the evidence as to claimant's physical injury and its permanent effect. We deem it sufficient to relate that there was evidence that subsequent to the injury, claimant was unable to perform many duties of manager that he had previously performed; that operations of the corporation except the gin had been closed as a result of his inability to manage them and he had only been able to perform services of the value of $2,000 for the corporation since his return to work. We find this evidence, with reasonable inferences, which the court as the exclusive finder of facts was free to make, sufficient to support its finding of a loss of ability to earn of thirty-five percent. There was additional support in the evidence which is not necessary to relate.
Finding sufficient legal evidence in the record, we affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 354