231 So.2d 156

**Jiles Nelson HALE**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation.**

**I Div. 13.**

Court of Civil Appeals of Alabama.

Jan. 20, 1970.

**380**

Robert E. McDonald, Jr., Mobile, for petitioner.

Lyons, Pipes & Cook, Mobile, for respondent.

BRADLEY, Judge.

The original complaint filed in this case sought damages in the amount of $10,000.00 for breach of contract. The breach allegedly came about as a result of the defendant, U. S. Fidelity and Guaranty Company, a corporation, ceasing to pay compensation to the plaintiff, as had been authorized by a contract of insurance, for an injury suffered as a consequence of an accident occurring while in the employ of the insured, Alabama State Docks Department, an agency of the State of Alabama. There was also a demand for a jury trial accompanying the original complaint.

To the original complaint, a demurrer was filed with various and sundry grounds assigned, and it was sustained by the trial court.

Thereupon, the plaintiff amended its original complaint, which had alleged a breach of an insurance contract, so that his claim now invoked the provisions of the Alabama Workmen's Compensation Act under which he sought to recover additional compensation from the defendant because he was permanently and totally disabled and for which he had not been fully compensated. The amended complaint or petition was also verified as required by the Compensation Law, i. e., Title 26, Section 304, Code of Alabama 1940, Recompiled 1958.

To the amended complaint or petition, a new demurrer was filed with several grounds assigned, but the main one being that the amended complaint showed on its face that the statute of limitation of one year, as authorized by the Compensation Act, had expired prior to the filing of the said complaint.

The trial court overruled the demurrer, and the defendant then filed several pleas, one of which raised the statute of limitation of one year.

To the plea of the statute of limitation, the plaintiff demurred on the ground that the six (6) year statute of limitation applied because the amended complaint was for breach of contract. The trial court, however, overruled the petitioner's demurrer to the plea of the statute of limitation.

The defendant then filed a motion to strike petitioner's demand for a jury trial, and it was granted.

There was a stipulation filed with the trial court in which the parties agreed that the complaint was filed on August 25, 1964; that defendant's insurance policy was made a part of the action; that plaintiff was injured while an employee of the Alabama State Docks and while acting within the scope of his employment; that plaintiff had been paid medical and compensation benefits by defendant according to the schedule of benefits set out in the Alabama Workmen's Compensation Act; that last payment was made by defendant to plaintiff on July 26, 1963; and that plaintiff had suffered no physical or mental incapacity for the preceding twelve months which would prevent him from filing suit. But the parties could not agree on whether plaintiff should receive additional compensation.

The controversy was submitted to the court on the verified complaint as last amended, the answer of defendant, and the stipulation previously entered into by the parties; and the court found that the statute of limitation of one year, as provided in the Alabama Workmen's Compensation Act, applied to the present controversy and then entered judgment for the defendant.

The plaintiff then asked the Alabama Supreme Court for the issuance of the Writ of Certiorari so that court could review the record made below.

The petitioner made three (3) assignments of error, all claiming that the trial court erred in finding that his claim had been barred by the one year statute of limitation.

■ Rule 9(d), Rules of the Supreme Court of Alabama, requires that assignments of error be substantially argued or they will be considered waived. Nowhere in petitioner's brief does he make any reference whatever to the assignments of error allegedly committed by the trial court. This in itself is sufficient for this court to affirm the judgment of the lower court. Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So.2d 228.

However, inasmuch as this case is due to be affirmed, not only because of the failure to argue the assignments of error, but also because we think the trial court made the proper decision in regard to the applicable statute of limitation, we deem a discussion of this aspect of the case in order.

It is contended by petitioner, in brief, that a cause of action in asssumpsit seeking damages for breach of contract is governed by the six (6) year statute of limitation found in Section 21 of Title 7, Code of Alabama 1940, Recompiled 1958, and both parties concede that proceedings filed pursuant to the provisions of the Alabama Workmen's Compensation Act are governed by the one (1) year statute of limitation as found in Section 296 of Title 26, Code of Alabama 1940, Recompiled 1958 (as amended).

We then must decide which statute is applicable under the facts of this case.

A careful examination of the record will show that petitioner's first complaint alleged a breach of contract and claimed damages therefor; however, he did not

verify his complaint. But he did make a demand for a jury trial.

After the demurrer filed thereto had been sustained, petitioner then amended his complaint so completely that he eliminated all vestiges of his original allegations and proceeded altogether by way of statutory averments as required by the provisions of the Alabama Workmen's Compensation Act, i. e., Title 26, Section 304, Code of Alabama 1940, and as amended, even to concluding with a verification of his petition, which is also required by said Act. And, in the prayer of his amended complaint, petitioner asked the trial court to permit him to appoint a lawyer named by him to assist in the prosecution of his claim; another attribute of a proceeding under the Alabama Workmen's Compensation law.

Then, after losing his battle in the trial court, petitioner, in seeking a review of said court's ruling in the Alabama Supreme Court, filed a petition asking for the issuance of the Writ of Certiorari to review the trial court's actions. Still another attribute of the Alabama Workmen's Compensation law.

All of the maneuvers engaged in by petitioner subsequent to the ruling on his initial complaint convince us that he intended to utilize all of the provisions of the Alabama Workmen's Compensation Act to satisfy his claim.

We think he was correct in prosecuting his claim under said Compensation Act, although, as it later developed, he waited too late to commence the proceedings to enforce it.

Title 38, Section 24(1), Code of Alabama 1940, Recompiled 1958, provides, in pertinent part, as follows:

"The department of state docks and terminals is hereby authorized to * * provide insurance for the payment of damages on account of the injury to or death of persons, and the loss of or destruction of properties of others; and may pay the premiums thereon out of the revenues of the department. Nothing herein shall be construed to authorize or permit the institution of any suit or proceeding in any court against the department for or on account of any matters referred to in this section; provided, however, that any contracts of insurance herein authorized may, in the discretion of the director of the department, provide for a direct right of action and suit against the insurance carrier for the enforcement of any such claims or causes of action. *The liability under any such policy or contract of insurance, arising out of such facts and circumstances as would bring such claim or cause of action within the provisions of Chapter 5 of Title 26, of the Code of Alabama of 1940, if the department were subject to the provisions of said law, shall be governed by the provisions of said law; * * *."* (Emphasis supplied)

The facts in this case show that the Alabama State Docks Department undertook to indemnify its employees against loss as a result of injuries or death suffered while in its employ by entering into a contract of insurance with the defendant as authorized by Section 24(1), supra.

And, the policy of insurance which was obtained by the Alabama State Docks pursuant to Section 24(1), supra, provided on page 2 thereof at Section 8, as follows:

"The Company shall be directly and primarily liable to any person entitled to the benefits of the workmen's compensation law under this policy."

It appears that the above quoted provision of said policy was created to neutralize the effect of the sovereign immunity with which the State Docks is clothed. However, we would point out that an employer, if he be insured according to the Workmen's Compensation law, can also provide that the insurer be sued directly. See Title 26, Section 309, Code of Alabama 1940, as amended.

Section 24(1), supra, further provided that any liability incurred under the policy

of insurance would cause such claim to be governed by the provisions of Chapter 5 of Title 26, Code of Alabama 1940.

Section 296 of Chapter 5, supra, provides that claims filed under said Chapter must be filed within one (1) year after the claim accrued, or within one (1) year after the last payment was made by the insurer, which is the situation in this case.

From the language of the pertinent statutes quoted above, it appears to this court that the Legislature intended not only to authorize the State Docks to enter into contracts of insurance for the indemnification of its employees' losses due to accidents while on the job, but also, through this legislative device, extend to them all of the benefits of the Alabama Workmen's Compensation Act. And in so doing, it made the acquisition of those benefits subject to the time limitation contained in Section 296, supra. And this conclusion is further substantiated by the provisions of the applicable insurance policy heretofore mentioned.

The petitioner, however, both in brief and oral argument, stoutly argued that the period of limitation applicable to his claim was that provided for in Title 7, Section 21, supra, rather than that set out in Title 26, Section 296, supra, and relied exclusively on the utterances of the Alabama Supreme Court in Employers Insurance Company v. Harrison, 250 Ala. 116, 33 So. 2d 264, wherein it held that actions of assumpsit for breach of contract are governed by the six year statute of limitation, i. e., Title 7, Section 21, supra.

The Supreme Court in the cited case did say this, but the complaint in that case was for breach of contract, whereas in the case at bar, it was one seeking compensation under the Compensation Act.

The Supreme Court, in the cited case, also said this:

"As to the plea of the statute of limitations, the contention of petitioner is, and to be sustained must be, that the statute, Code of [Alabama] 1940, Title 23, § 3,

by reference incorporated into that statute the whole of the workmen's compensation law, including the procedural law and the limitations thereon. To so hold would be to totally disregard all settled rules of statutory construction."

It further concluded that the "sole effect" of the statute in question, i. e., Title 23, Section 3, Code of Alabama 1940, "was to place a limit as to the amount of insurance the highway department could contract and pay for."

A careful reading of Section 24(1), supra, will quickly reveal an intent on the part of the Legislature to greatly enlarge on the authority extended to the State Docks to give medical and compensation benefits to its employees as contrasted to what it had given to the State Highway Department previously by Section 3, supra. And, it is our conclusion that the legislation as embodied in Section 24(1), supra, is sufficiently broad to incorporate "into that statute the whole of the workmen's compensation law, * * *."

Also, petitioner argued that the word "liability" as used in Section 24(1), supra, could not be construed so as to authorize an employee of the State Docks, in a proceeding against the insurer of the Docks to utilize all of the provisions of the Workmen's Compensation law. We cannot agree with this suggestion.

In the case of Bement v. Grand Rapids & I. Ry. Co., 194 Mich. 64, 160 N.W. 424, L.R.A.1917E, 322, which is cited with approval in Koshgarian v. Hawksley, 90 R.I. 293, 157 A.2d 663, and in Menna v. Mathewson, 48 R.I. 310, 137 A. 907, the Supreme Court of Michigan, in a workmen's compensation case, had the following to say:

"The ordinary statute of limitations confers upon a defendant the privilege of interposing a definite limitation of time as a bar to the enforcement of a liability existing independently of the statute defining the limitation. Such statutes, therefore, are merely limitations of the

remedy. Statutes like the present are more. They create a right of action conditioned upon its enforcement within the prescribed period. * * * The Legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. 'The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' * * * 'A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits."

■■ We conclude that the Legislature of Alabama by enacting the law which is codified as Section 24(1), supra, intended to, and did, extend to the employees of the State Docks all of the benefits of the Workmen's Compensation Act along with the limitations thereon, including the one limiting the time in which to file a claim because, as the Michigan Supreme Court said in the cited case, "the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits."

Therefore, we think the *Employers Insurance Company* case, supra, is inept authority for petitioner's argument for the proposition that the six year statute of limitation would apply to a proceeding such as the one at bar.

■ This court, after reviewing the facts of this case and the law appertaining thereto, is convinced that the statute of limitation of one year as provided in Title 26, Section 296, Code of Alabama 1940, Recompiled 1958, applied to the averments of petitioner's amended complaint, and we

are further convinced that the trial court properly decided this issue and its judgment is due to be affirmed. It is so ordered.

Affirmed.