235 So.2d 673

Eugenia L. GILMORE, Individually, as Widow, and for the benefit of Billy Frank Gilmore, Jimmy Dale Gilmore, and Janelle Ester Gilmore, minors

v.

The RUST ENGINEERING COMPANY, a Corporation.

1 Div. 20.

Court of Civil Appeals of Alabama.

April 15, 1970.

Rehearing Denied May 13, 1970.

William H. McDermott, Braxton L. Kittrell, Jr., and Herbert P. Feibelman, Jr., Mobile, for appellant.

Donald F. Pierce, A. Clay Rankin, III, Mobile, for appellee; Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, of counsel.

**BRADLEY, Judge.**

Review in this court is sought by the Writ of Certiorari as authorized by Alabama's Workmen's Compensation Law. (Title 26, Section 297, Code of Alabama 1940, as Recompiled 1958.)

Appellant filed his complaint in the Circuit Court of Mobile County, Alabama seeking relief under the Workmen's Compensation law of this State. (Title 26, Chapter 5, Code of Alabama 1940, as Recompiled 1958, and as amended).

Demurrers were filed to the complaint, which contained two counts, and were sustained.

The complaint was amended twice more with a nonsuit being taken after the third amendment thereto.

There are two assignments of error filed with the record on appeal, and both of the assignments are directed to the action of the trial court in sustaining demurrers to each count of the amended complaint.

In brief, appellee raised a procedural point concerning the method used to invoke this court's review powers, but at oral argument of the case, waived any further consideration of that issue; consequently, we will only be concerned with the ruling on the demurrers.

The Supreme Court of Alabama, in Pound v. Gaulding, 237 Ala. 387, 187 So. 468, recognized the principle that "Workmen's Compensation statutes create rights and remedies and procedure all their own."

This same court in City of Foley v. Terry, 278 Ala. 30, 175 So.2d 461, said:

"* * *, that the compensation law should be liberally construed in furtherance of the humanitarian purposes leading to its enactment; and that pleading under the act was not intended to be cast in the technical precision of the common law, or tested by the refined objections of hypercriticism. * * *"

In Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331, it was also said:

"Employer appears to argue that it has been prejudiced because plaintiff alleged an injury to his back and proved a hernia. Apparently, employer claims prejudice because it was not given notice, in haec verba, that plaintiff had suffered a prolapse of the rectum, or a hernia. Employer recognizes that technical rules of

pleading are not followed in cases of the instant kind.

\* \* \* \* \* \*

"Examination of the complaint shows plaintiff alleged that: (1) he was lifting trees, (2) he was stooping over, (3) he strained, (4) he felt a sudden pain in back and spine, and (5) since the injury he has been totally and permanently disabled."

In her last amended complaint, the claimant, in the case at bar, alleged that: (1) she was claiming benefits under the Workmen's Compensation Law of Alabama for herself, as widow, and her three minor children, as the result of the accidental death of her deceased husband-employee; (2) that on the date of death, the relation of employee-employer existed between deceased and appellee; (3) that both deceased employee and appellee were subject to the Alabama Workmen's Compensation Law; (4) that an accident occurred resulting in the death of deceased employee, which said accident arose out of and in the course of said deceased employee's employment; (5) that the accident circumstances were clearly and adequately described; (6) that the pertinent portion of the employment agreement existting between the deceased employee's union and the appellee was fully averred; (7) that prompt notice to the appellee of the accident was averred; and (8) that the average weekly earnings of the deceased employee was also averred.

Count two of the amended complaint contained similar averments to count one, except that in paragraph six of count two, there was a rendition of facts describing the location of the accident scene and its relation to the job site where deceased employee worked.

■ After carefully examining Section 304 of Title 26, Code of Alabama 1940, as Recompiled 1958, as amended, for the necessities that must appear in a complaint seeking compensation pursuant to the provisions of the Workmen's Compensation law, we are satisfied that the last amended complaint of appellant was sufficient as against demurrer so as to warrant an evidentiary hearing to proceed thereon.

As Justice Gardner stated in Randle v. Dumas, 229 Ala. 396, 157 So. 218:

"The argument as to the sufficiency of the complaint overlooks the well-established rule that in cases of this character technical accuracy as to pleading is not required. \* \* \*

"The amended complaint met all substantial requirements and fully advised petitioner of the relief sought and the grounds upon which it was based. \* \* "

We believe that the last amended complaint filed in the case at bar fully advised the appellee of the relief being sought and adequately described the grounds upon which that relief was being predicated.

We are of the further belief that it is not required in Workmen's Compensation claims that the complaint contain such specific averments as suggested by the demurrers and the brief of appellee.

We are of the further opinion that the appellant should be given an opportunity to introduce proof in support of the allegations of the complaint. And, when this is done, the trial court can then decide whether the appellant has sufficiently proved that the accident resulting in the death of the employee arose out of and in the course of his employment.

In making such a decision, the trial court would necessarily have to take into consideration the pronouncements of the Alabama Supreme Court in the cases of Jett v. Turner, 215 Ala. 352, 110 So. 702; Ammons v. McClendon, 263 Ala. 651, 83 So.2d 239; Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813; and Baggett Transportation Co. v. Holderfield, 260 Ala. 56, 68 So. 2d 21.

■ This court felt that it was desired by appellee that we decide the question of whether claimant was entitled to compensa-

**630**

tion on the basis of the complaint and demurrers filed thereto. Of course, this cannot be done. Compensation can be awarded only after the trial court makes a determination based on a sufficient finding of facts and conclusions of law that such an award is warranted. Title 26, Section 304, supra; Pinkney v. James B. Clow & Sons, Inc., 277 Ala. 648, 173 So.2d 811.

It appearing that the demurrers filed to the last amended complaint should have been overruled rather than sustained, this cause is due to be, and is, reversed and remanded for further proceedings.

Reversed and remanded.