264 So.2d 146

Peter COOPER

v.

**MAGIC CITY TRUCKING SERVICE, INC.,**
**a Corp., and W. E. Pope.**

**6 Div. 884.**

Supreme Court of Alabama.

June 22, 1972.

James H. Faulkner, Birmingham, for appellant.

Dunn, Porterfield, McDowell & Scholl, Birmingham, for appellees.

HARWOOD, Justice.

Peter Cooper filed suit against the Magic City Trucking Service, Inc., a Corporation, and W. E. Pope, the employee driver of one of its dump trucks, who Cooper alleges negligently backed a dump truck into him.

The complaint claimed damages for pain and suffering, medical expenses, loss of wages and permanent injuries.

At the time of the alleged injuries Cooper, an electrician, was working on a job in connection with the construction of a new department store in Birmingham. The ground floor of this building constituted a parking area on which asphalt was being spread at the time of Cooper's alleged injuries. A dump truck of the defendant company driven by the defendant, Pope, backed into the parking area with a load of hot asphalt for the purpose of dumping the asphalt near a spreader.

Other construction activities were going on in the area. The plaintiff had left his job site to go to a water cooler, and as he was returning to his work site he testified he was struck by defendant's dump truck as it was backing up to the area where the spreader was working.

The defendants pled in short by consent the general issue with leave to give in evidence any matter which, if well pleaded, would be admissible evidence.

The jury returned a verdict in favor of the defendants, and judgment was rendered pursuant to the verdict. The plaintiff's motion for a new trial being denied, he perfected his appeal to this court.

The plaintiff and defendants occupying the same positions on this appeal as they did in the court below, they will hereinafter be referred to as plaintiff and defendants rather then as appellant and appellees.

The only error assigned is the action of the trial court denying plaintiff's motion for a new trial. This, of course, constitutes a vicarious assignment as error of every well stated ground of the motion for a new trial adequately brought forth and argued in the brief of the defendants. Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37; National Life and Accident Ins. Co. v. Allen, 285 Ala. 551, 234 So.2d 567. Therefore, the grounds set out in support of the motion for a new trial must be measured by the same standards as though they were assignments of error. Shiver v. Barrow, 45 Ala.App. 495, 232 So.2d 676.

Grounds 1 through 8 of the motion for a new trial go to the sufficiency of the evidence to support the verdict, or that the verdict is contrary to the preponderance of the evidence, or is contrary to law. These grounds are grouped for argument. While some of these grounds are inadequate to invite our review, others are sufficient to so do. These assignments being related and presenting a single question, the rule that if unrelated assignments of error are

argued in bulk, and one is not well taken, review of the others will be pretermitted, will not be invoked. Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179.

As is usual in most trials, there are great divergencies between the evidence offered by the plaintiff and that offered by the defendants. We will not set out the testimony of the witnesses, but will shorten this opinion by observing that the plaintiff's evidence was directed toward showing that he was struck and injured as a result of the negligent operation of the dump truck, and as a proximate result of such negligence, he suffered grievous injuries. The evidence presented by the defendants tends to show that the plaintiff was either guilty of contributory negligence proximately causing his injury, or that he was not even struck by the dump truck.

■ It is so well established by our decisions as to negative the need for citation of authorities that resolution of factual conflicts presented by the evidence is in the province of the jury to resolve, and the jury's determination of such factual issues will not be disturbed on appeal unless plainly and palpably wrong. Then too, where, as here, the trial judge refuses to grant a new trial on the basis of the sufficiency of the evidence to support the verdict, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799.

A reading of the transcript of the evidence leaves us convinced that the jury was justified in the verdict rendered. We hold that assignments of error 1 through 8 furnish no grounds for disturbing this judgment.

Several grounds of the motion for a new trial pertain to the action of the court in excusing jurors from the venire and we will now consider these points.

■ On voir dire examination of the jurors looking to their qualifications, the jurors were asked:

"Are any of you officers, directors, or stockholders or employees of St. Paul Mercury Insurance Company?"

A juror, Fred Thomas Craig, replied:

"Judge, I am agent for St. Paul Insurance Company. I do not work for them, I am agent. I am an independent agent for St. Paul Insurance Company. I do not work for them. I am an agent."

Craig further testified that as an independent agent he represented other companies, but that he did have "some interest" in "that company." The court thereupon excused the prospective juror Craig. To this action of the court *counsel for the defendants* reserved an exception. Counsel for the plaintiff was apparently not dissatisfied with this action of the court in that he took no exception, though on this appeal he asserts the action of the court in excusing the juror Craig constitutes reversible error.

Section 5, Title 30, Code of Alabama 1940, provides:

"The court may excuse from service any person summoned as a juror if he is disqualified or exempt, *or for any other reasonable or proper cause, to be determined by the court.*" (Italics ours.)

■ Under this section, a trial court is given much discretion in attempting to provide a jury panel free of any member who might be biased or prejudiced in the slightest degree. Calhoun County v. Watson, 152 Ala. 554, 44 So. 702. Nor is this discretion limited in its exercise to the enumerated statutory grounds for challenge, but is general. Louisville & Nashville R. R. Co. v. Young, 168 Ala. 551, 53 So. 213.

Over three centuries ago Lord Coke in capsule form gave a comprehensive answer to the question we are now considering when he wrote that to be considered impartial a juror must "be indifferent as he stands unsworn." See Co. Litt. 155b.

In Burdine v. Grand Lodge of Alabama, 37 Ala. 478, Justice Stone with his usual clarity of expression wrote:

"It is certainly a good and wholesome rule, which should be strictly regarded, that any pecuniary interest, even the smallest, in the event of the suit, will disqualify a person from serving on the jury charged with its trial. This rule is necessary as a protection to the public interest, and as a guaranty of that purity and integrity in the administration of the law, which alone can inspire respect for, and confidence in our judicial tribunals."

█ The action of a trial court in excusing a juror for other than statutory causes presents on review a mixed question of law and fact, and the findings of the trial court on the facts ought not be set aside by a reviewing court unless the error is manifest. Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244.

We hold that no error resulted in the action of the court below in excusing the juror Craig.

In his argument in support of his contention that the court's action in excusing juror Craig was error, counsel for the plaintiff relies heavily upon Murphy v. State, 37 Ala. 142, and upon Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514.

In *Murphy*, supra, the state did not exercise its right to challenge for cause a juror who had stated he had a fixed opinion against capital punishment. Pointing out that this ground for challenge was given only to the state at its election, the court held that the defendant could not complain of the state's forbearance to exercise its election, and that no duty rested on the court to ex mero motu excuse the juror.

In Hudson v. Stripling, supra, several of the jurors had answered affirmatively that they were policy holders in the insurance company which was defendant's insurer. The plaintiff challenged for cause some of these jurors, and waived his right to challenge the remaining. On appeal, it was urged that all jurors who were policy holders in the insurer's company were by that fact disqualified, and the court was under the duty to disqualify all such jurors, though neither party had moved the court to do so. This court held there was no duty on the trial court to ex mero motu disqualify the unchallenged jurors who were under no absolute disqualification by statute.

Each of the above cases pertain to the action of the court in not ex mero motu excusing unchallenged jurors, while the present case relates to the action of the court in exercising his discretion in ex mero motu excusing a juror who the court apparently considered would possibly not be indifferent as he stood unsworn because of a relationship formed in the course of business.

For the reasons above pointed out, we do not consider the cases relied on by the plaintiff to be apposite to the point now considered.

█ During the qualification examination of the jurors, the court asked whether any of them, or any member of their immediate families, had been involved in a lawsuit for damages, that is, had they ever been sued as a plaintiff or defendant.

Jurors Robert L. Spann and Luther Clark Jackson answered they had been plaintiffs in such a suit.

Evidence taken at the hearing on the motion for a new trial showed that Spann's daughter while operating his automobile had been involved in an accident which resulted in a claim for damages by a minor who was injured. Spann's insurance carrier arrived at a settlement of the claim but a minor being involved, a court proceeding was necessary to process the settlement. The attorney for the insurance carrier accepted service of the complaint on behalf of Spann and his daughter, and without any conference with either Spann

or his daughter, whom he did not know even at the time of the hearing on the motion for a new trial, the judicial proceedings were completed. There was no trial requiring the attendance of either Spann or his daughter, and so far as disclosed by the record, there was nothing that would make Spann aware that he or his daughter had been parties to a lawsuit.

As to juror Clark, the evidence taken at the hearing on the motion for a new trial shows that Clark had been involved as owner of real estate in a condemnation proceedings. Clark testified that he had not thought that such a suit was a suit for damages, but only one to pay him compensation for his land that was condemned. As a matter of fact, Clark testified he did not receive what he thought he should have received for his property that was taken, in that he was not paid for his property the amount he had in it.

■ The right of eminent domain antedates constitutions, and is an incident of sovereignty, inherent in and belonging to every sovereign state. Johnston v. Alabama Public Service Commission, 287 Ala. 417, 252 So.2d 75.

Section 23 of our Constitution of 1901, provides that the right of the exercise of eminent domain shall never be abridged, and further that "private property shall not be taken for, or applied to, public use, unless just compensation be first made therefor * * *." Thus essentially a condemnation suit is not a suit for damages, but one to determine a just compensation for the property taken under the power of eminent domain.

Our statute (Section 3, Title 19, Code of Alabama 1940) requires that in an application for condemnation, the names of the owners of the land to be condemned must be shown if known, and if unknown, the application must show that reasonable diligence has been made to ascertain the owners. Nevertheless, a condemnation proceeding is one in rem, (United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.

Ed. 209) rather than an adversary proceeding. As stated in 27 Am.Jur.2d Eminent Domain, Section 390:

"In condemnation proceedings the words 'plaintiff' and 'defendant' can be used only in an uncommon and liberal sense, for the plaintiff complains of nothing, the defendant denies no past or threatened wrong, but both parties are actors, one to acquire title, the other to get as large compensation as he can. Nevertheless, the words 'plaintiff' and 'defendant' are used in some condemnation cases as a matter of clarity or convenience."

■ In Freeman v. Hall, 286 Ala. 161, 238 So.2d 330, we stated our standards for review of the action of the trial court on motion for a new trial as to disclosures by jurors on their voir dire examination in summary as follows:

"To re-emphasize, we say that we will review the trial court's ruling on motion for new trial predicated on juror's improper answers to (or failure to answer) questions propounded on voir dire only for abuse of discretion in its determination as to probable prejudice."

We hold that there was no abuse of discretion by the lower court in denying plaintiff's motion for a new trial on the basis of the answers given by jurors Spann and Clark.

■ Three grounds of the motion for a new trial assert in effect that defendant Pope and defendants' witness Bradford committed perjury in testifying that Ben Keller and Nathaniel Clemmons accompanied the dump truck as it backed toward the spreader. Affidavits of Keller and Clemmons were attached as exhibits to the motion, and each of the affiants avers they were not watchmen for the truck at the time in question, and did not accompany it as it backed to the spreader.

On his direct examination during the trial, the plaintiff testified that no one ac-

companied the truck as it backed toward the spreader, and no one was directing the truck or "flagging" for it.

We pretermit consideration of whether the plaintiff was nondiligent in not discovering prior to the trial the evidence he sought to present to the court at the hearing on the motion for a new trial. This, for the reason that the facts set forth in the affidavits of Keller and Clemmons were merely cumulative of the testimony given by the plaintiff, or were contradictory of the testimony given by Pope and Bradford. Either condition would prevent the granting of a motion for a new trial because of newly discovered evidence. Cumulative or impeaching evidence may be discovered after almost every trial. Such discovery should not serve as a basis for destroying the finality of judgments. Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883; Forest Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

One ground of the motion for a new trial is based upon the court's refusal of the following written charge requested by the plaintiff:

"The court charges the jury that under Alabama law when one negligently injures another so as to aggravate preexisting conditions, the negligent actor is liable for all injuries proximately resulting therefrom, even though a normal person's injuries would have been much less severe."

■■■■ While the above charge states correctly an abstract principle of law, it was refused by the court without error. It is faulty in not being predicated on the jury's reasonable satisfaction from the evidence. Atlanta Life Ins. Co. v. Stanley, 276 Ala. 642, 165 So.2d 731; McLaughlin v. Tolbert, 273 Ala. 307, 139 So.2d 610. Further, the court adequately covered the principle sought to be enunciated in the above refused charge in his oral instruc-

tions to the jury. Further still, the jury found the issues in favor of the defendants, either on the basis that the plaintiff was not struck and injured by the dump truck, or that the plaintiff's own contributory negligence was the proximate cause of his injury. The question of damages was therefore not reached by the jury and no injury probably injurious to any substantial right of the plaintiff could have risen from the refusal of the charge.

Lastly, the plaintiff argues as error ground 15 of the motion for a new trial which ground asserts that the court erred in sustaining the defendants' objection to a question propounded on cross examination to the individual defendant, Pope, concerning his drinking habits. In this connection, the record shows the following:

"Q. Aren't you a man that drinks a great deal?

"A. No, sir."

*After* this answer, counsel *for the defendants* interposed an objection which was sustained. There was no motion to exclude the answer.

■■■■ The witness's answer having been made prior to an objection, was before the jury for consideration. The defendants' objection coming after the answer, did not remove the answer from evidence even though the objection was tardily sustained. Somerall et al. v. Citizens' Bank of Brewton, 208 Ala. 501, 94 So. 476. Even in those cases where a witness answers a question despite a timely interposed objection, the sustension of the objection, even if erroneous, is deemed to be innocuous. Tutwiler Coal, Coke & Iron Co. v. Farrington, 144 Ala. 157, 39 So. 898; Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 So. 407.

Counsel for appellants cite and rely on Campbell v. State, 23 Ala. 44, as a basis for his assertion of error under ground 15 of the motion for a new trial. In *Campbell*, supra, this court held that the lower

court did not abuse its discretion in permitting a witness to be cross examined as to his "habits of drinking." Timely objection had been interposed to the question, and overruled. It was the court's view that such evidence went to the witness's accuracy of observation and fidelity of memory. However, the court was careful to state:

"Indeed it would be impossible to define the exact limits to which a cross examination may extend and beyond which it may not go; for much must be left to the sound discretion of the court, regulated by the general rules of evidence, as applied to the varying circumstances of each case."

Indeed it has been held in innumerable subsequent cases that the latitude and extent of cross examination is a matter which of necessity must be left to the sound discretion of the trial court, and unless this discretion is grossly abused to the prejudice of the complaining party, the ruling of the trial court will not be overturned. Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689, and cases cited therein; see also Ala.Dig., Vol. 2A, Appeal and Error, ☞971(3), for innumerable authorities. Particularly is this rule applicable to the allowable extent of cross examination on irrelevant facts for the purpose of testing the credibility of a witness. Nelson v. Johnson, 264 Ala. 422, 88 So.2d 358, and cases cited therein.

█ Where, as here, there was not a scintilla of proof that the witness Pope was drinking at the time of the occurrence, it would appear that the question sought to elicit testimony approaching the utmost outer limits of permissible cross examination. The question would result in a proliferation of evidence of seemingly little probative value, and no error should be cast upon the trial court, even had the objection to the question been timely made.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and McCALL, JJ., concur.