This is a workmen's compensation case. *Page 903 
The employee appeals from the granting of the defendant insurer's motion for summary judgment. We affirm.
This case does not come to this court in the context of a dispute over factual matters. The dispositive issue is whether, as a matter of law, a direct action for work related injuries can be brought against the employer's insurer when the provisions of § 25-5-8 (f)(4), Code of Ala. 1975, have not been met.
Section 25-5-8 (f)(4) provides in pertinent part:
 (4) DIRECT ACTIONS AGAINST INSURERS. — If the employer shall insure to his employees the payment of the compensation provided by this chapter . . in a corporation or association authorized to do business in the state of Alabama and approved by the director of the department of insurance of the state of Alabama, and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is insured and by whom insured, and if the employer shall further file a copy of such notice with the department of insurance, then, and in such case, any civil actions brought by an injured employee or his dependents shall be brought directly against the insurer, and the employer, or insured, shall be released from any further liability. . . . (Emphasis supplied.)
It is not disputed that the now bankrupt employer did not file the requisite notices with the Department of Insurance. However, through able counsel, the employee argues that under this factual situation he should be free to seek redress against the insurer, the employer, or both. Put another way, the employee argues for a construction of § 25-5-8 (f)(4) which would require a direct action against the insurer when the employer meets the statutory mandates, but would allow an election between defendants when these conditions are not met.
These contentions must fail because, in Alabama, in the absence of a statute authorizing direct suit against the employer's insurer, no such right exists. It has been said that the rationale behind this bar is the lack of privity between the employee and the insurer. Humphrey v. Poss, 245 Ala. 11,15 So.2d 732 (1943); Pounds v. Travelers Ins. Co., 239 Ala. 573,196 So. 108 (1940).
In Pounds, supra, the Supreme Court of Alabama construed § 7584 of the Code of Alabama 1928, which is the predecessor to the current § 25-5-8 (f)(4), being its counterpart in all relevant aspects. The court there noted that this section does authorize direct suit against the insurer, but concluded this right exists only if the conditions therein set forth are met. Therefore, if the proper notices are not posted and filed as contemplated by the statute, the employee's only recourse is direct suit against the employer.
This is the only conclusion open to us from a reading of the statute. Where a statute is unambiguous, the words chosen will be given their plain meaning. Quick v. Utotem of Alabama, Inc., Ala.Civ.App., 365 So.2d 1245 (1979).
Section 25-5-8 (f)(4) clearly says if the statutory conditions precedent are met, then, and in such case, suit must be brought against the insurer. In setting forth such a carefully circumscribed instance in which suit against the insurer is allowed, we cannot conceive that the legislature intended to otherwise enlarge the applicable rules of law barring an employee suit against the employer's insurer due to the lack of privity between the parties.
It follows there was no error in granting the insurer's Rule 56, ARCP, motion for summary judgment. The judgment of the trial court is therefore due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 904