383 So.2d 840 (1980)
READ NEWS AGENCY, INC., a corporation, et al.
v.
Guy E. MOMAN, Sr.
Civ. 2003-X.
Court of Civil Appeals of Alabama.
March 5, 1980.
Rehearing Denied March 26, 1980.
*842 Thomas B. Huie and John S. Civils, Jr., of Huie, Fernambucq, Stewart & Smith, Birmingham, for appellants.
Eugene A. Beatty and John A. Owens of Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, for appellee.
HOLMES, Judge.
This is a workmen's compensation case.
The trial court awarded the plaintiff workmen's compensation benefits after his wife died of injuries received in a plane crash.
The defendants contend that the trial court committed reversible error in awarding the benefits because (1) the decedent was not an employee as required under the Act, (2) the trial court refused to allow testimony as to the capitalization of the defendant corporations, (3) the plaintiff was not dependent upon the decedent, and (4) the plaintiff's negligence was the proximate cause of his wife's death and bars recovery.
On cross-appeal, the plaintiff contends that the trial court erred in dismissing the decedent's workmen's compensation insurance carrier as a party-defendant and in refusing to award the plaintiff the penalty for failure of the defendant to pay compensation without good cause.
We find that the trial court did not commit reversible error and affirm.
A review of the record reveals the following:
The plaintiff is the principal shareholder and chairman of the board of directors of the five defendant corporations. His son is president of the corporations and a shareholder. The decedent who was the wife of the plaintiff was secretary-treasurer of each of these corporations and owned minimal stock in three of the corporations and substantial stock in the other two. However, the stock owned in the latter two corporations was less than 50%. The decedent received a salary of approximately $350 per week and maintained a separate office in her home in which she worked. She also sat on the board of directors of the corporations.
The decedent's entire salary was deposited in a joint-checking account along with income from the plaintiff. The joint account was used to pay for household expenses such as food and clothing.
On February 1, 1978, the decedent accompanied her husband, the plaintiff, on a trip to Montgomery. The plaintiff had contacted the owner of a piece of realty concerning its purchase, financing and sale terms. The plaintiff made an appointment to see the owner and this was the sole purpose for the trip.
The plaintiff piloted a small plane on this trip and upon returning to Tuscaloosa, the plane struck a tree and crashed during the landing approach. The decedent was killed.
Employer Casualty Company provided workmen's compensation insurance for the defendant corporations and premiums were paid for coverage for the plaintiff and for the decedent.
After the death of his wife, the plaintiff sought benefits from the insurance company which denied the same. The plaintiff filed suit and after the insurance company was dismissed as a defendant and the instant *843 corporate defendants were added, the trial court awarded benefits to the plaintiff.
Through able counsel, the defendants contend that, as a matter of law, the decedent was not an employee as required for recovery, but rather an employer within the meaning of the Workmen's Compensation Act. More particularly, the defendants contend that the decedent was the "alter ego" of the defendant corporations and thus conclude the corporate entity should be disregarded and the decedent treated as the employer.
The trial court found as a fact that the decedent was an employee of the defendants. Additionally, the trial court found that the decedent was not the alter ego of the defendant corporations.
At the outset, we note that the courts have long been perplexed by classification problems such as those presented by defendants. In small, closely held corporations such as those at bar, the functions of shareholder-officers often overlap, making it difficult, if not impossible, to pinpoint exactly when executive duties, as opposed to more typical employee tasks, have been performed.
Without unduly lengthening this opinion with a survey of the various attempted solutions to these questions, suffice it to say, to this court, the better reasoned contemporary decisions tend to treat the executive of the small corporation as employee, absent a showing of circumstances that would justify ignoring the corporate entity altogether. Larson, Workmen's Compensation Law, Vol. 1B, § 54, et seq.
Under basic tenets of corporate law, we conclude this is a sound approach. A corporation is a distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers. Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975). Furthermore, the corporation, as legal entity, can only conduct its business through its agents or employees. Rohme v. State, Ala.Cr.App., 339 So.2d 620 (1976).
Thus, the corporate executive, in discharging his duties, must necessarily be an employee of the corporation. If he is not, it is beyond this court's abilities to say for whom he is working. Mine Service Co. v. Green, Ky., 265 S.W.2d 944 (1954).
The language of our Workmen's Compensation Act, §§ 25-5-1, et seq., Code of Ala.1975, compels this approach. At § 25-5-1, the basic definitional section of the Act, the terms "employee" and "workman" are expressly made interchangeable, and it is mandated they shall be construed to mean the same, including "every person . . . in the service of another under any contract of hire, express or implied, oral or written. . . ." § 25-5-1(6).
There is clearly no distinction drawn here between those who live by the sweat of their brow and those who enjoy the title, "executive." In Gottlieb v. Arrow Door Co., 364 Mich. 450, 110 N.W.2d 767, 769 (1961), Michigan's Supreme Court construed a similar statutory definition of employee in exactly this manner. Disdaining the argument that the sole incorporator and sole stockholder of a small corporation, who also served as its president and treasurer, could not be an employee of that corporation, the court said:
In the smaller corporations the line between manager and workman is blurred, and in the one-man corporation of the most limited type impossible to draw. Yet in these enterprises, we find the very persons who are in need of the protection of the act, since the hazards of production are shared personally by them, just as they are by those on the assembly lines of the large corporations.
Likewise, in the only Alabama decision we can find on point, it was held that the fact that the decedent was an officer, director, and shareholder of the defendant corporation did not, in and of itself, bar recovery. Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756 (1963).
In this instance, there was evidence the decedent was actually employed by the corporations and performed services. As noted above, she received a weekly salary. She *844 worked in her home, maintaining a separate office for that purpose. During the fatal business trip which precipitated this appeal, she participated in the discussions concerning the financing of the proposed real estate acquisition. This was a natural and necessary duty of a secretary-treasurer.
Thus, there was evidence to support the finding that the decedent was an employee of the defendant corporations. As this court will not disturb the findings of the trial court in a workmen's compensation case if there is any legal evidence to support those findings, this aspect of the case is due to be affirmed. Young v. City of Huntsville, Ala.Civ.App., 342 So.2d 918 (1976), cert. denied, Ala., 342 So.2d 924 (1977).
Likewise, we find no error in the finding that the decedent was not the "alter ego" of the defendant corporations. Defendants' contentions on this issue must fail because, in order to justify "piercing the veil" of corporate existence, it is not enough to show that the corporation may have been controlled by one or a few persons. Goldmann v. Johanna Farms, Inc., 26 N.J.Super. 550, 98 A.2d 142 (1953). Although there are no Alabama cases specifically addressing this point in the workmen's compensation context, as a matter of general corporate law our decisions hold that he who seeks to have the corporate cloak set aside must either demonstrate fraud or show that the recognition of the corporate form will result in injustice or inequitable consequences. Cohen v. Williams, supra; C. E. Development Co. v. Kitchens, 288 Ala. 660, 264 So.2d 510 (1972).
Our research reveals that the courts of other jurisdictions, when confronted with this issue in this context, follow these same principles. See, Lynn v. Lloyd A. Lynn, Inc., Mo.Ct.App., 493 S.W.2d 363 (1973); Industrial Commission v. Lavach, 165 Colo. 433, 439 P.2d 359 (1968); Marlin Electric Co. v. Industrial Commission, 33 Wis.2d 651, 148 N.W.2d 74 (1967); Shillinglaw v. Owen Shillinglaw Fuel Co., 70 N.M. 65, 370 P.2d 502 (1962); Gottlieb v. Arrow Door Co., supra; Goldmann v. Johanna Farms, Inc., supra. We adopt this reasoning today.
Under the record before this court, defendants have not met this burden. Clearly, the decedent did not have complete control of the corporations and did not attempt to use them as a sham through which to perpetuate inequitable or unjust activities.
At best, the defendants' evidence tended to demonstrate that the decedent and the plaintiff did not at all times strictly follow statutory corporate formalities in tending to corporate business. In Lynn v. Lloyd A. Lynn, Inc., supra, the Missouri Court of Appeals addressed similar contentions and proof, and concluded that in the absence of a showing that the separate legal identity of the corporation was used as a subterfuge or to justify a wrong, there is no justification for piercing the corporate veil. We reach the same conclusion today.
Defendants also contend the trial court erred in sustaining an objection to testimony concerning the capitalization of the corporations. They contend that evidence as to how the corporations were capitalized was relevant and material in deciding whether decedent was the alter ego of the corporations.
The record, when read in its entirety, indicates that in answer to defendants' question, "Do you know the capitalization of each of your companies?", the witness replied, "No, sir." Only after this answer was given was an objection made by plaintiff which was sustained by the trial court. When a party answers a question to which an objection is sustained, the party asking the question is not prejudiced by the ruling. This is so because the objection, coming after the answer, does not remove the answer from evidence. See, Cooper v. Magic City Trucking Service, Inc., 288 Ala. 585, 264 So.2d 146 (1972), and cases cited therein.
In addition, it is harmless error to sustain an objection to a question after the witness has testified that he does not know the answer. Decker v. Hays, 282 Ala. 93, 209 So.2d 378 (1968).
*845 Next, the defendants contend that the plaintiff was not entitled to the conclusive presumption that he was wholly dependent upon the decedent under § 25-5-61, Code of Ala.1975. The defendants argue that the plaintiff made approximately $130,000 per year and the decedent made only approximately $17,000 and that there was no evidence that the decedent's salary was in any way intended or considered to be necessary for the support of her husband. That is, the mere fact that the decedent deposited her check in a joint account does not satisfy § 25-5-61.
Section 25-5-61 provides:
For the purposes of this article, the following described persons shall be conclusively presumed to be wholly dependent:
. . . . .
(2) The husband, . . . unless it is shown that the wife was not in any way contributing to his support and had not in any way contributed to his support for more than 12 months next preceding the occurrence of the injury causing her death; . . .
We again note that if there is any evidence to sustain the trial court's finding of dependency, this court will not disturb such finding. Young, supra.
The words "in any way" refer to the character and intent of the purpose of support by the spouse giving and contributing and not merely to the nature and extent thereof. Woodward Iron Co. v. Jones, 217 Ala. 361, 116 So. 425 (1928).
In this instance, as noted above, all of the decedent's salary was placed in a joint-checking account and said funds were used by both parties in payment for necessary living expenses such as food and clothing. Thus, looking to the intent, and not to the extent, of these deposits, it cannot be said decedent did not in any way contribute to plaintiff's support. The fact that the plaintiff also put money into the account and earned a considerable amount more than the decedent does not, as a matter of law, make the plaintiff nondependent under § 25-5-61. Woodward Iron Co., supra. Thus, there is evidence to support a finding that the plaintiff was wholly dependent for purposes of the Workmen's Compensation Act.
Next, the defendants contend that the negligence of the plaintiff was the proximate cause of the death of his wife and conclude he is thereby barred from benefiting from such negligence as a matter of law.
The trial court found as a fact that the plaintiff was in no way negligent in causing the plane crash.
The record indicates that the crash occurred at night. Additionally, there was light rain in the area. The plaintiff testified that he followed normal landing procedures and that everything seemed normal. He also testified that he never saw the tree that the plane struck which caused the crash. While we should not be understood as necessarily finding that negligence would bar recovery, there is nothing in the record to indicate any negligence on the part of the plaintiff and defendant offered no evidence to prove otherwise. Thus, the trial court's finding is supported by the evidence and will not be disturbed.
On cross-appeal, the plaintiff contends that the trial judge committed reversible error in dismissing the workmen's compensation insurance carrier as a party defendant because the plaintiff was a third party beneficiary of the policy between the insurance company and the defendant corporations. In the instant case, the policy expressly provided that employees could proceed directly against the insurance company. The plaintiff contends that there is nothing to prevent such an agreement and relies on Hale v. United States Fidelity & Guaranty Co., 45 Ala.App. 379, 231 So.2d 156 (1970).
However, Hale, supra, involved a specific statute for the Alabama State Docks employees which provided for a direct right of action against the insurance carrier in the discretion of the director of the docks.
On the other hand, § 25-5-53, of the Workmen's Compensation Act, states:

*846 The rights and remedies herein granted to an employee shall exclude all other rights and remedies . . . at common law, by statute or otherwise on account of said . . . death. . . .
Additionally, the Workmen's Compensation Act creates rights, remedies, and procedures all its own. Gilmore v. Rust Engineering Co., 45 Ala.App. 626, 235 So.2d 673 (1970).
Under the Workmen's Compensation Act, a procedure for an employee to sue an insurance carrier directly is provided by § 25-5-8(f)(4), Code of Ala.1975. This section allows, and indeed mandates, a direct action only if certain requirements are met.
In the instant case, there is nothing in the record to indicate compliance with § 25-5-8(f)(4). Thus, there was no error in the trial court's dismissal of the insurance carrier as a party-defendant. See, Thomason v. Midland Insurance Co., 380 So.2d 902, Civ. 2086 (Ala.Civ.App., February 6, 1980).
Next, the plaintiff contends on cross-appeal that the trial court erred in not awarding the 10% penalty against the defendants as provided by § 25-5-59, Code of Ala.1975.
This section provides a 10% penalty where any installment of compensation payable is not paid without good cause within thirty days after it becomes due.
Where a statute is unambiguous, the words chosen will be given their plain meaning. Quick v. Utotem of Alabama, Inc., Ala.Civ.App., 365 So.2d 1245 (1979).
Turning to the statute, we note that § 25-5-59 begins:
In cases of temporary total or temporary partial disability. . . .
Nothing in this section specifically mentions recovery of a penalty in a death case. It therefore appears that § 25-5-59 does not apply in the instant death case.
In any event, § 25-5-88 of the Act, which covers situations where there is a disputed claim for compensation, requires the filing of a verified complaint alleging certain facts "as may be necessary to enable the court to determine what, if any, compensation the employee or, in case of a deceased employee, his dependents, are entitled to. . . ."
This court has held that the award can be made only after the trial court makes a determination based on a sufficient finding of facts and conclusions of law that such an award is warranted. Eddons Drug Co. v. Wright, 46 Ala.App. 645, 248 So.2d 140 (1971); Gilmore v. Rust Engineering Co., supra.
It can only follow that, where there is a good faith dispute as the one before us, the defendant employer is not bound to make compensation payments until the trial court has made its decision, and in appropriate cases where the requisite bond has been posted, that decision has been confirmed on the appellate level.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P. J., concurs in part and dissents in part.
WRIGHT, Presiding Judge (concurring in part and dissenting in part).
I concur in the decision upon the appeal and cross appeal in all respects except as to the holding that the employer's insurer may not be sued directly by a claimant when there is a clause in the policy authorizing a direct suit. The majority relies upon § 25-5-53, Code of Ala.1975, to exclude a direct suit against the insurer. I do not so interpret that statute. I believe it clear that § 25-5-53 only excludes former rights and remedies for the injury or death, and provides in lieu thereof an exclusive and new cause of action with limited recovery by workmen from an employer. There is no reason why it should be construed to restrict an agreement between the employer and his insurer permitting the employee to sue the insurer directly if he so desires.
To do so does not conflict with the intent and purpose of § 25-5-8(f)(4). That statute provides a procedure for the benefit of the *847 employer by which he may released not only as a party but from further liability except in the event of insolvency of the insurer or insufficiency of the amount of coverage. The contractual provision allowing direct suit against the insurer is not binding upon the claimant. If he chooses to take advantage of it, he does not thereby release the employer from liability. To sue the insurer directly does not affect the claimant's right or remedy. He still must pursue the right and remedies provided by the act. The claimant is better off if he sues an insurer directly as beneficiary of the provisions of the policy than he would be having to sue the insurer if the employer forced him to by complying with § 25-5-8(f)(4). To interpret the act as the majority is contrary to the mandate for liberal construction. Riley v. Perkins, 282 Ala. 629, 213 So.2d 796 (1968). I therefore respectfully dissent from the stated portion of the court's decision.