SHORES, Justice.
We granted certiorari in this case because it directly raises an issue of first impression never decided by this Court, viz.:
Is a provision in a policy providing workmen’s compensation which allows a direct action on the policy by the injured employee valid? Or, stated differently, does any provision of the Workmen’s Compensation Act invalidate a contractual provision allowing a direct action? We hold that the contractual provision is valid and enforceable and is not invalidated by the Workmen’s Compensation Act.
A widow filed suit for workmen’s compensation death benefits against her deceased husband’s employer and the workmen’s compensation carrier. The policy provides, in pertinent part:
“Coverage A — Workmen’s Compensation “To pay promptly when due all compensation and other benefits required of the insured by the workmen’s compensation law.”
Condition 8 of the policy provides as follows:
“Statutory provisions — The company shall be directly and primarily liable to any person entitled to the benefits of the workmen’s compensation law under this policy. The obligations of the company may be enforced by such person, or for his benefit by any agency authorized by law, whether against the company alone or jointly with the insured. Bankruptcy or insolvency of the insured or of the insured’s estate, or any default of the insured, shall not relieve the company of any of its obligations under coverage A.”
In Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.1980), cert. denied, 383 So.2d 847 (Ala.1980), the Court of Civil Appeals held that an employee or his dependent may pursue a direct action against the insurer only under § 25-5-8(f)(4), Ala.Code 1975.* The Court noted in *965 this case that the policy provision as to direct action was identical to the provision before it in Read. Certiorari was denied in Read so, understandably, the Court of Civil Appeals felt bound by its decision in that case.
Why certiorari was denied is not stated, but the petitioner here correctly points out that, although Read so held, the petition for certiorari in Read was not based on the direct action issue and, further, that the issue was not material in Read. In this case, it is the only issue, and it is a crucial one. Therefore, we address it and reverse the Court of Civil Appeals, 414 So.2d 962.
Presiding Judge Wright noted in his dissent in Read that § 25-5-53, Ala.Code 1975, which provides that “[t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies ... at common law, by statute or otherwise on account of said ... death,” does not exclude a direct action against the insurer under a policy provision which expressly allows such suits. As he correctly noted:
“There is no reason why it [§ 25-5-53] should be construed to restrict an agreement between the employer and his insurer permitting the employee to sue the insurer directly if he so desires.
“To do so does not conflict with the intent and purpose of § 25-5-8(f)(4). That statute provides a procedure for the benefit of the employer by which he may [be] released not only as a party but from further liability except in the event of insolvency of the insurer or insufficiency of the amount of coverage. The contractual provision allowing direct suit against the insurer is not binding upon the claimant. If he chooses to take advantage of it, he does not thereby release the employer from liability. To sue the insurer directly does not affect the claimant’s right or remedy. He still must pursue the right and remedies provided by the act. The claimant is better off if he sues an insurer directly as beneficiary of the provisions of the policy than he would be having to sue the insurer if the employer forced him to by complying with § 25-5-8(f)(4).”
383 So.2d at 846-847.
Although there are statements by the Court of Civil Appeals in Thomason v. Midland Insurance Company, 380 So.2d 902 (Ala.Civ.App.1980), and in Den-Tal-Eze Manufacturing Company v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980), to the effect that § 25-5-8(f)(4) provides the only instance where a direct action may be brought and that, in the absence of a statute authorizing a direct suit against the employer’s insurer, no such right exists, neither of those cases, however, refers to a provision in the policy expressly allowing such actions.
We hold that, where the policy expressly provides, as does the one before us, for a direct action by the employee or his dependent against the insurer, neither § 25-5-53 nor § 25-5-8(f)(4) precludes such suits. In doing so, we endorse Presiding Judge Wright’s dissenting opinion in Read, supra.
The judgment of the Court of Civil Appeals is reversed.
REVERSED AND REMANDED.
All the Justices concur.

 “(4) Direct Actions Against Insurers. —If the employer shall insure to his employees the payment of the compensation provided by this chapter and according to the full benefits thereof and with full coverage under this chapter in a corporation or association authorized to do business in the state of Alabama and approved by the director of the department of insurance of the state of Alabama, and if the employer shall post a notice or notices in a conspicuous place or in conspicuous places about his place of employment, stating that he is insured and by whom insured, and if the employer shall further file a copy of such notice with the department of insurance, then, and in such case, any civil actions brought by an injured employee or his dependents shall be brought directly against the insurer, and the employer, or insured, shall be released from any further liability. In case of insolvency or bankruptcy of said insurance company or in case it cannot be reached by due diligence by process in this state, the employer shall not be released from liability under the provisions of this chapter. Should any recovery be had in excess of the amount of the insurance carried, the employer *965 shall be liable for such excess. The return of any execution upon any judgment of any employee against any such insurance company, unsatisfied in whole or in part, shall be conclusive evidence of the insolvency of such insurance company for the purposes of this chapter, and, in the event of adjudication of bankruptcy or insolvency of any such insurance company by any court of competent jurisdiction, proceedings may be brought by the employee against the employer in the first instance or against such employer and insurance company jointly or severally or in any pending proceeding against any insurance company, and the employer may be joined at any time after such adjudication.”