THOMPSON, Judge,
dissenting.
Although I agree that the case cited by the trial court in support of its order does not apply to corporate employers, I disagree with the majority opinion because I believe the case relied upon, Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.1980), is distinguishable from the present ease. The court in Read News Agency had specific evidence upon which it based its determination of employee status. That court found that the decedent, who had been the secretary-treasurer, had had specific duties, for which she drew a weekly salary, and held that she had been an employee of the corporation. Id. at 843-44. We have no such evidence before us in the present case.
The record in the present case contains no transcript of the hearing. The court made the following findings after hearing oral testimony: A.O. Uptain, the founder and former president of the corporation, was primarily retired. He received no wage and performed work “on occasion on the premises three or four times a week.” The only services Peggy Uptain performed for the corporation were filing the taxes and keeping the books for the corporation, but no evidence was presented to show that she was compensated for these services. Ronald Uptain, the president and CEO of the corporation, received no salary, but did receive dividends from the stock he owned in the corporation. A-0 Machine Company, Inc., had only one other employee in addition to the claimant, a coworker who held no office with the corporation. When the trial court’s order is based upon evidence that is not contained in the record on appeal, we must assume that the court had sufficient factual and legal grounds for making its ruling. Sartin v. Sartin, 678 So.2d 1181 (Ala.Civ.App.1996).
Further, the claimant in Read News Agency was the chairman of the board of the corporation and was the surviving spouse of the secretary-treasurer of the corporation, who was killed in a plane *1268 crash while on company business. In that case, the focus was not on whether the corporation was an “employer,” as that term is defined under the Workers’ Compensation Act. Rather, the court in Read News Agency considered the question whether the decedent, as secretary-treasurer of the corporation, was an “employee” for the purposes of the Act, so that her surviving spouse would be entitled to recover benefits under the Act.
Additionally, the term “employee” is defined for purposes of the Act as “every person in the service of another under any contract of hire, express or implied, oral or written.” Ala.Code 1975, § 25-5-1(5). Upon review of the court’s findings, I find no indication of a contract of hire for’these three corporate executives, particularly for the semi-retired founder and former president of the corporation. I believe the majority has employed an overly broad interpretation of the term “employee,” has vastly expanded this court’s holding in Read News Agency, and has reached an inequitable result.
I believe the trial court made the proper decision. Therefore, I dissent.
CRAWLEY, J., concurs.