JOHNSTONE, Justice
(dissenting).
I respectfully dissent because the following authorities establish that the corporate secretary, although unpaid, was, indeed, an employee for the purposes of the Workers’ Compensation Act.
Section 25-5-50, Ala.Code 1975, implicitly declares a corporate officer to be an employee in its provision that “an officer of a corporation may elect annually to be exempt from coverage by filing written certification of the election with the department and the employer’s insurance carrier.”
In Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.1980), the Court of Civil Appeals holds that, under basic tenets of corporate law, a corporate executive is necessarily an employee of the corporation. The legislature has ratified the decision of the Court of Civil Appeals that a corporate executive or officer is an employee of the corporation by adopting § 10-2B-1.40(9), Ala.Code 1975 (Cum.Supp.1998). That section provides that “ ‘Employee’ includes an officer but not a director....” The corporate secretary is a “corporate officer to whom the board of directors has delegated responsibility under Section 10-2B-8.40(c) for custody of the minutes of the meetings of the board of directors and of the shareholders and for authenticating records of the corporation.” § 10-2B-1.40(22).
. Section 25-5-1(5) defines an employee or worker as “every person in the service of another under any contract of hire, express or implied, oral or written.... ” Thus, á contract of hire can be implied. Inclusion of the secretary in the corporate documents designating her as secretary and establishing her powers and duties constitutes an implied contract for hire at the very least. Therefore, Peggy Uptain, as the secretary of the corporation, was its employee.
The majority concedes that the corporation had four other employees. Consequently, the Court of Civil Appeals correctly determined that A-0 Machine Company employed five employees so as to be subject to the Workers’ Compensation Act.