With two exceptions I concur in all aspects of the meticulous analysis in the main opinion and, as to those two exceptions, I respectfully must dissent.
I dissent as to that portion of the main opinion that holds that this proceeding involves allegations of both "normal" and "abnormal" bad faith. Because, by its admission of liability, National Insurance Association mooted the requirement of a directed verdict in Sockwell's favor on the breach-of-contract claim, this case involves only normal bad faith.
I also dissent from a portion of the main opinion's rationale in its treatment of the compensatory-damages award. I do not consider the exception to Kmart Corp. v. Kyles, 723 So.2d 572, 578 (Ala. 1998), recognized in Daniels v. East Alabama Paving, Inc., 740 So.2d 1033, 1044
(Ala. 1999), to be germane in this case, where National was not the tortfeasor and did not cause the physical injury. However, I agree with the main opinion's statement that National must take Betty Sockwell as it finds her. See Cooper v. Magic City Trucking Serv., Inc., 288 Ala. 585,264 So.2d 146 (1972) (when one injures another, so as to aggravate preexistent conditions, the actor is liable for all injuries proximately resulting therefrom, although a normal person's injuries would have been much less severe). When National denied coverage to Sockwell, she was already suffering physical *Page 142 
pain. She testified as to the extent of her mental anguish over a period of approximately one year in the context of her preexisting condition and thus subjected her claims of mental anguish to the opportunity for a thorough cross-examination. This Court must reach the same conclusion in this case as it reached in Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166
(Ala. 2000). In that case, this Court observed:
 "This is not a case where the plaintiff presented only a minimum of evidence regarding mental anguish, so as possibly to avoid being cross-examined by questions calling for information about the plaintiff's prior experiences. Compare [Delchamps, Inc. v.] Bryant, 738 So.2d [824,] 835 [(Ala. 1999)] (testimony from the plaintiff could have led to cross-examination about previous felony convictions); Kyles, 723 So.2d at 579 (testimony from the plaintiff concerning mental anguish could have led to cross-examination about previous arrests)."
789 So.2d at 179 n. 8. The jury's award of compensatory damages, although higher than I might have awarded, withstands the scrutiny of Kyles.
Woodall, J., concurs.